■ MARTIN W. FIELD, Appellant, v CONCORD KENNEDY LIMITED PARTNERSHIP, Respondent.—In an action, *inter alia,* to recover damages for breach of a contract for the sale of real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Rosenzweig, J.), dated February 16, 1990, which (1) granted the defendant's motion for summary judgment on its counterclaims and for summary judgment dismissing the complaint, and (2) denied his cross motion for summary judgment on the complaint and for summary judgment dismissing the defendant's counterclaims.

Ordered that the order and judgment is affirmed, with costs.

While the language of the parties' option contract demonstrates that the plaintiff was entitled to title which was both insurable and free of all encumbrances other than those set forth in the agreement *(see, e.g., Hudson-Port Ewen Assocs. v Chien Kuo,* 78 NY2d 944), the contract also unequivocally provides that any encumbrance or other exception to title would be deemed cured if the plaintiff's title insurer agreed not to except the matter from insurance coverage. Inasmuch as the insurer in this case determined that the purported title defect posed no problem and expressed its willingness to

insure the premises without raising the matter as an exception, the alleged encumbrance was "cured" for purposes of the parties' agreement. Accordingly, the plaintiff's refusal to close on the property was unjustified, and the Supreme Court acted properly in awarding summary judgment in favor of the defendant on its counterclaims.

In any event, we note that the defendant has established its entitlement to judgment as a matter of law on the merits by demonstrating that the property was not encumbered, and the plaintiff's conclusory and unsubstantiated assertions to the contrary are not sufficient to withstand the defendant's motion.

We have considered the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.